# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

## CIVIL CASE: 5:11cv005-RJC

| | |
|---|---|
| CURTIS LEE BLALOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LT. EAKER (FNU), et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983, filed January 12, 2011. (Doc. No. 1).

Plaintiff is an inmate at the Harven Crouse Detention Center in Lincoln County. He claims that officials at the Lincoln County Sheriff's Office and at the detention center deliberately misplaced, lost, or failed to deliver his legal mail in order to prevent him from obtaining documents necessary to his defense. He also claims that the Defendants have failed to respond to the more than 35 grievances that he filed over the course of four months in 2010.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

The claims against Defendants Garland and Houser will be dismissed for failure to state a

claim for which relief may be granted. 28 U.S.C. § 1915A(b)(1). Although he is named as a defendant, Sgt. Garland is not mentioned anywhere in the body of the Complaint, and Plaintiff fails to attribute any act to him. As for Defendant Houser, the only acts Plaintiff attributes to him relate to the alleged failure to respond to Plaintiff's numerous grievances. The Constitution, however, does not create an "entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because Plaintiff has no constitutional right to file a grievance, any failure on Defendant Houser's part to respond to Plaintiff's grievances does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741, 751-52 (1978); see also Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue) (citations omitted).

The same holds true for Plaintiff's allegations that Defendant Daugherty and Defendant Eaker failed to respond to his grievances. However, after careful review of the Complaint, the undersigned finds that Defendants Eaker and Daugherty should file an Answer to Plaintiff's claim that his legal mail was deliberately misplaced, lost, or not delivered.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants Garland and Houser are dismissed and shall be removed from the caption of this case,

2. The Clerk shall provide a copy of this Order to the Sheriff of Lincoln County;

3. The Sheriff of Lincoln County shall within twenty (20) days of the filing of this Order, file a document in this Court stating the full name of Defendant Eaker and providing a forwarding address for him if he is no longer employed at the

Harven Crouse Detention Center. In the same document, the Sheriff also shall provide a forwarding address for Defendant Tim Daugherty. The Sheriff shall file the document under seal;

4. The Clerk of Court, upon receipt of the document with forwarding addresses for Defendants Eaker and Daugherty, shall issue summons for each and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost;

5. The Clerk of Court also shall change the docket to reflect Defendant Eaker's first and last name; and

6. Defendants Eaker and Daugherty shall file an Answer to the claim in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: January 27, 2011

Robert J. Conrad, Jr.
Chief United States District Judge