IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL CASE NO. 5:11cv5–RJC

| | |
|---|---|
| CURTIS LEE BLALOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARK EAKER, TIM L. DAUGHERTY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon Defendants' Motion for Stay of Discovery Pending Ruling on Motion for Summary Judgment Raising Defense of Qualified Immunity. (Doc. No. 23).

On January 12, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that officials at the Lincoln County Sheriff's Office and at the Harven Crouse Detention Center deliberately misplaced, lost, or failed to deliver his legal mail in order to prevent him from obtaining documents necessary to his defense. He also alleged that the Defendants failed to respond to the more than 35 grievances that he filed over the course of four months in 2010.

The Court issued an Order dismissing Plaintiff's claims against Defendants Garland and Houser and dismissing Plaintiff's claim that Defendants failed to respond to his grievances. (Doc. No. 3). Defendants filed an Answer, asserting affirmative defenses, including qualified immunity and failure to state a claim for relief. (Doc. No. 8). Defendants also filed a Motion for Summary Judgment, based in part on qualified immunity and arguing that they are entitled to

summary judgment as a matter of law. (Doc. Nos. 19, 20).[1]

On May 18, 2011, Defendants filed the instant motion to stay discovery (Doc. No. 23) after receiving a set of 21 interrogatories (with subparts) and a set of eleven requests for production from Plaintiff (Doc. No. 24 at 2). Defendants argue that they should be spared the burden of responding to Plaintiff's discovery requests until the Court has ruled on their summary judgment motion..

Qualified immunity issues should be resolved at "the earliest possible stage" of litigation, Pearson v. Callahan, 555 U.S. 223, 815 (2009) (citation omitted), and "discovery should not be allowed" until the "threshold immunity question is resolved," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because Defendants have filed a Motion for Summary Judgment relying, in part, on the qualified immunity defense, the Motion to Stay Discovery will be granted.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Stay of Discovery Pending Ruling on Motion for Summary Judgment Raising Defense of Qualified Immunity (Doc. No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall not initiate any further discovery requests while the issue of qualified immunity is before the Court.

Signed: June 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] In support of their motion, Defendants have included affidavits from each Defendant, as well as others, which are relevant to the determination of whether Defendants violated Plaintiff's constitutional rights, and if so, whether they are entitled to qualified immunity. (Doc. No. 19).