UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-005-RJC

| | |
|---|---|
| CURTIS LEE BLALOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARK EAKER and TIM DAUGHERTY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, (Doc. No. 19). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on May 10, 2011, Plaintiff was advised of the necessity of filing a response to such motion and of the manner in which evidence could be submitted to the Court. (Doc. No. 21). On May 17, 2011, Plaintiff filed his Response. (Doc. No. 25).

**I.  BACKGROUND**

This is an action brought under 42 U.S.C. § 1983. Plaintiff, who was an inmate at all relevant times at the Lincoln County Detention Center, alleges that "officials at the Lincoln County Sheriff's Office at the detention center deliberately misplaced, lost, or failed to deliver his legal mail in order to prevent him from obtaining documents necessary to his defense."[1] (Doc. No. 3 at 1). Defendants Mark Eaker and Tim Daugherty were, respectively, the jail administrator and Sheriff of Lincoln County at all relevant times. Plaintiff essentially contends

---

[1] Plaintiff presented other allegations in his Complaint but, after an initial review, this Court ordered Defendants to respond only to those allegations asserting that Plaintiff's "legal mail was deliberately misplaced, lost, or not delivered." (Doc. No. 3 at 2).

that the staff at the Lincoln County Detention Center disregarded multiple subpoenas that Plaintiff prepared and served on various staff at the Detention Center. Defendants' summary judgment evidence shows that Plaintiff was arrested and charged in state court on November 7, 2009, for assault with a deadly weapon, and he was subsequently indicted for being a habitual felon. (Doc. No. 19-4: Houser Decl. at ¶ 2). On November 10, 2009, three days after Plaintiff's arrest, attorney Todd Pomeroy was appointed to represent Plaintiff. (Doc. No. 19-3: Radeker Decl. at ¶ 2). On May 5, 2010, Plaintiff signed a Waiver of Counsel form, indicating that he wanted to represent himself. (Id.) Counsel Pomeroy thereafter filed a motion to withdraw as counsel on June 7, 2010, which the state court granted on August 12, 2010. (Id.). That same day, Calvin Coleman was appointed as Plaintiff's new counsel. (Id.).

Plaintiff began sending subpoenas to the Lincoln County Sheriff's Office in May 2010, which would have been while he was still represented by Pomeroy, but after he signed the Waiver of Counsel. (Doc. No. 19-4: Houser Decl. at ¶ 3). The Lincoln County Sheriff's Office has acknowledged receipt of the nine subpoenas, six of them commanding the delivery of documents to Plaintiff at the Detention Center, and three of them commanding current and former Sheriff's personnel to appear before Plaintiff for depositions. See (Id.)

Defendants admit that the Sheriff's staff disregarded the subpoenas as unauthorized by North Carolina law governing pre-trial criminal discovery and that Defendant Eaker told Plaintiff this on multiple occasions. (Doc. No. 19-1: Eaker Decl. at ¶ 4). Eaker even met personally with Lincoln County Assistant District Attorney Gwynn Radeker regarding the subpoenas. Radeker told Defendant Eaker that the subpoenas were invalid and to disregard them. (Doc. No. 19-3: Radeker Decl. at ¶ 3).

The only other instance of alleged mail tampering occurred when an intake officer

accidentally opened a letter from Plaintiff's criminal defense attorney on or about September 27, 2010. (Doc. No. 19-4: Houser Decl. at ¶ 5). Plaintiff filed a written grievance over this, and a jail supervisor subsequently apologized to Plaintiff, explaining that the intake officer had accidentally opened the letter, not recognizing it as legal mail. (Id.)

**II.     STANDARD OF REVIEW**

As noted, Defendants have moved for summary judgment, Plaintiff has been advised in accordance with Roseboro, and Plaintiff has filed his response to the summary judgment motion. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v.

-3-

Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. ANALYSIS

It is well settled that a pretrial detainee who is represented by counsel, or who refuses an offer of counsel, lacks a constitutionally protected right to access and use legal materials. See United States v. Chatham, 584 F.2d 1358, 1360 (4th Cir. 1978) (holding that a pretrial detainee who declines legal counsel has no constitutional right of access to a law library or legal materials); Battle v. Metts, No. 8:07cv466, 2008 WL 2704870, at *6 (D.S.C. July 8, 2008) ("Longstanding case law in this circuit provides that if a pre-trial detainee has an attorney or is offered counsel but waives his or her right to counsel, he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee.").

Here, Plaintiff was continually represented by attorney Todd Pomeroy from November 10, 2009, through August 12, 2010, when Pomeroy's motion to withdraw was granted by the court. Plaintiff's claim of denial of the right to his access to the courts based on the fact that Detention Center staff disregarded his subpoenas is fails. In any event, the subpoenas were all invalid. Criminal defendants have no right under North Carolina common law to pretrial discovery, as discovery is allowed only as provided by statute. See State v. Newell, 82 N.C. App. 707, 708, 348 S.E.2d 158, 160 (1986). Furthermore, there is no North Carolina statute authorizing the use of subpoenas duces tecum as a criminal discovery tool, and there is no

statutory provision under North Carolina law allowing a criminal defendant to depose witnesses. Since Plaintiff's use of the subpoenas was invalid, the Center's disregard of the subpoenas did not implicate or violate any constitutional right belonging to Plaintiff. Lewis v. Casey, 518 U.S. 343, 353 n.3 (1996) (stating that "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all").

Furthermore, the inadvertent opening of a piece of Plaintiff's mail is not actionable. As Defendants correctly observe, the opening of legal mail, in and of itself, is not a violation of a prisoner's constitutional rights. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional mandate"). Furthermore, Plaintiff has simply not shown that he suffered any actual injury; thus, his constitutional claim is simply not actionable. See Lewis v. Casey, 518 U.S. at 351-52. In sum, for the reasons stated herein, Defendants are entitled to summary judgment.[2]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Summary Judgment, (Doc. No. 19), is **GRANTED**; and
2. This action is **DISMISSED** with prejudice.

---

[2] Defendant Daugherty has presented a Declaration showing that he neither directed nor participated in the decision to disregard Plaintiff's subpoenas; this is an additional reason why the claim as to Daugherty must be dismissed. See (Doc. No. 19-2: Daugherty Decl. at ¶ 3). Furthermore, Defendants have asserted the defense of qualified immunity. Because the Court has found no constitutional violation in the first instance, the Court does not address Defendants' contentions regarding qualified immunity.

Signed: February 28, 2012

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge